**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-440** |
| **GREGORY JONES, et al.** | : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER CONCERNING DISCLOSURE OF DISCOVERY**

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Christopher E. Parisi and Lauren Stram, Assistant United States Attorneys for the District, hereby moves for a protective order to limit the dissemination of discovery and other disclosed materials in this case, including materials under Rule 16, the Jencks Act, *Brady*, and *Giglio*, all of which will be provided to the defendant's counsel.

The government seeks an order prohibiting defense counsel from leaving or providing any copies of discovery and disclosed materials or any written document summarizing the substance of the above-referenced discovery materials in the possession of a defendant, who is presently incarcerated at the Federal Detention Center (FDC) in Philadelphia. Additionally, the government seeks permission to supply electronic flash drives to the FDC containing the protected materials. At his request, and in compliance with FDC guidelines and protocols, the defendant may be permitted to review the discovery on the drives on a secure, non-networked, non-internet connected computer. The defendant should not at any time be permitted to print, copy, or export the discovery materials from the drives, or otherwise share or display the

material with third parties. At all times, the drives should be held and maintained by the FDC and should not be in the custody and control of the defendant. The defendant's ability to access the material should be managed and controlled according to FDC guidelines, procedures, and safety protocols.

For defendant Farid Haddad, who is not presently incarcerated, the government likewise seeks an order prohibiting defense counsel from providing the defendant with copies of discovery material in this case, or allowing the defendant to make copies or recordings of any material provided to counsel.

As explained below, the government seeks this order out of a concern that allowing a defendant to maintain possession of the protected materials could endanger the safety of cooperating witnesses. Additionally, the government's discovery material contains large quantities of personally identifiable information ("PII") which would otherwise require redactions prior to disclosure. The government has discussed this motion with counsel for each of the respective defendants, and every defendant consents to the entry of this requested order, provided however, that the defendants may seek leave to amend the order in the future should a need arise.

## I. FACTS

Gregory Jones, Edward Basley, Shawn Bell, Jabari Savage, Renard Brown, Jermaine Singleton, Farid Haddad, David McField, and Eduard Amador, among others, were charged by Indictment with conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C § 846, among other offenses. The indictment stems from a months-long Title III investigation focused on drug trafficking committed by Gregory Jones and others. In addition to the Title III

interceptions, the FBI and partner agencies conducted a years' long investigation into Jones' activities.

Discovery in this case includes video and audio recordings captured during the authorized period of interceptions, covert surveillance, location data from telephones and tracking devices, the use of multiple informants and cooperating sources, as well as voluminous telephone and financial records. These recordings, at times, captured images of cooperators' faces and voices, as well as the faces and voices of individuals not yet charged. In anticipation of disclosure of discovery, Jencks Act, *Brady*, and *Giglio* materials to defense in this case, the government seeks a protective order to ensure the safety of the confidential informants, cooperators, and others involved in this case.

## II. ANALYSIS

The government believes that the dissemination of these materials could place the various individuals at significant risk of harm. For example, during the interception period, the government intercepted defendant Gregory Jones speaking with another person regarding an unrelated drug investigation in Philadelphia. During the conversation, Jones and the other individual discussed a person they believed was cooperating, and Jones asked the other person for a photograph of the suspected cooperator. Following the arrest of various defendants, and the unsealing of the indictment in this case, the government is aware that individuals approached others seeking information about their involvement with law enforcement. Given the substantial potential mandatory minimum sentences in this case, the defendants have an incentive to retaliate against cooperators. Even if a defendant does not directly retaliate, cooperators are generally at risk and often the target of violence merely based upon their suspected involvement with law

enforcement.

The government also believes that there is a risk that the materials in this case may be circulated within a place of detention if it is disseminated to a defendant. Moreover, the government is aware of instances in unrelated cases in which material provided by the government to a defendant has been widely shown to other inmates at the place of incarceration. Similarly, the government is aware of instances where non-incarcerated defendants, or associates of incarcerated defendants, gained access to discovery materials and posted portions of those materials on various forms of social media to intimidate or retaliate against witnesses. For these reasons the government believes that these sensitive materials should not be allowed to reside or circulate within an institution of detention or within the defendants' possession. By keeping these materials out of the possession of the defendants, and in the sole possession of the attorneys, there will be no risk that other inmates or individuals will have possession of the material.

The government's request will not adversely affect any defendant in his legitimate preparation for trial. The government proposes no limit to a defendant's access to these materials in accordance with FDC procedures or in the presence of counsel. The defendant may extensively review and discuss all of the material the government provides. Counsel may spend as much time as needed with the defendant to review the discovery. The government proposes no limitation on any defendants' use of the materials in the presence of counsel or on defense counsel's sharing of materials with any experts or investigators retained to assist the defense at trial. The defendant will be able to discuss these materials with counsel and investigators both in person and over the phone. The only limitation the government seeks regarding the discovery is on the physical possession and dissemination of the materials by a defendant and third parties not

retained by defense counsel.

Protective orders are appropriate when, for among other reasons, the discovery materials contain personal identifying information, and when needed for the protection of witnesses that may appear before the court. Fed. R. Crim. P. 16 (Discovery and Inspection) provides in pertinent part that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Rule 16(d)(1). Pursuant to this provision, courts routinely issue protective orders. See United States v. Scott, 2008 WL 4372814 (M.D. Pa. 2008) (denying reconsideration of protective order pursuant to which government made Jencks material available to defense counsel but court imposed restrictions on copying; court notes that "While the Defendant has been permitted to review the contents of the ... witness statements ..., turning over hard evidence of witness cooperation risks facilitating witness intimidation."); see also United States v. Basciano, 2006 WL 2270432 (E.D.N.Y. 2006) (denying defense request to retain Jencks material pending retrial, and instead ordering that all Jencks material in the possession of the defendants be returned to the Clerk and stored under seal until defendants, with good cause, petitioned the court for release; court notes that its original protective order -- which prohibited the distribution of Jencks material to anyone other than defendants, defense counsel, and defense counsel's legal staff, and which required that all Jencks materials be returned to the government within 48 hours of the conclusion of the trial -- was issued in reaction to the dissemination of Jencks material to members of the Bonanno organized crime family and the defense bar in an earlier, related case by another defendant and his counsel); United States v. Rivera, 153 Fed. Appx. 758 (2d Cir. 2005) (not published) (district court's protective order prohibiting defendant from retaining Jencks Act material at his detention

facility did not deprive defendant of effective assistance of counsel, where defendant was given ample opportunity to review Jencks Act material and to consult his lawyer regarding that material); United States v. Garcia, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (observing that defendants "have no right to extended independent review of [Jencks Act] materials in the privacy of their cells").

The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

Alderman v. United States, 394 U.S. 165, 185 (1969). Cf. United States v. McDade, 1994 WL 161243, at *3-5 (E.D. Pa. Apr. 15, 1994). While Rule 16 does not set forth specific instances that justify a protective order "it is obvious that one would be appropriate where there is reason to believe that a witness would be subjected to physical or economic harm if his identity is revealed." Fed. R. Crim. P. 16, Advisory Committee Notes, 1974 Amendment citing Will v. United States, 389 U.S. 90 (1967). When there is good cause to issue a protective order, a court may issue a broad, blanket, protective order covering all materials. See Pearson v. Miller, 211 F.3d 57, 73 (3d Cir. 2000). This is especially true in complex cases with voluminous materials. United States v. Luchko, 2006 WL 3060985 *5 (E.D.Pa. Oct. 27, 2006) citing Shingara v. Skiles, 420 F.3d at 301, 308 (3d. Cir. 2005).

For these reasons, the government seeks an order prohibiting counsel from providing a physical copy of discovery, Jencks Act, *Brady*, and *Giglio* materials to a defendant or providing its substance in writing to a defendant.

This order shall not preclude defense counsel or defense investigators from reviewing the discovery with the defendants either in person or by telephone. Defense counsel may make such use of the materials produced by the government in this case as is necessary to prepare for trial and for use at trial, including displaying the material to the defendant, and sharing these materials with other persons assisting counsel in preparing for and conducting the trial.[1] Any defense counsel or other person to whom disclosure is made pursuant to this paragraph may not allow the defendant to have custody and control over the materials provided by the government. The defendant shall not be allowed to print or email any item produced, or to in any way copy, reproduce, possess, or disseminate any materials, including audio or video recordings, included in the materials. This will not compromise the defense in preparing for trial.

Additionally, the government seeks permission to supply electronic flash drives containing the protected materials. At a defendant's request, and in compliance with FDC guidelines and protocols, the defendant should be permitted to review the materials from the flash drives on a secure, non-networked, non-internet connected computer for review. The defendant should not at any time be permitted to print, copy, or export the materials from the flash drives. At all times, the flash drives should be held and maintained by the FDC and should not be in the custody and control of the defendant. The defendant's ability to access the protected materials should be managed and controlled according to FDC guidelines, procedures, and safety protocols. The government submits that permitting the defendant to review the protected

[1] If the defendant retains a third party, such as an expert witness or investigator, to assist in trial preparation, the retained third party should be considered a part of the defense team and be bound by the prohibition on dissemination to the defendants as outlined in this motion and accompanying Order.

materials in this manner is a sufficient compromise of the defendant's need to review the material at length while maintaining certain precautions to ensure the safety of cooperating witnesses.

The government respectfully moves for issuance of the attached proposed protective order. The government advised the attorneys for the defendants about this motion, and they do not object provided that they retain the ability to seek modifications from the Court in the future, should the need arise.

Respectfully submitted,

DAVID METCALF
United States Attorney

Lauren Stram
_______________________________
CHRISTOPHER E. PARISI
LAUREN STRAM
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 26-440** |
| **GREGORY JONES, et al.** | **:** | |

**PROTECTIVE ORDER CONCERNING DISCLOSURE OF DISCOVERY**

AND NOW, this day of , 2026, upon the motion of the government for a protective order restricting the dissemination of material provided under its Federal Rule of Criminal Procedure 16, Jencks Act, *Brady*, and *Giglio* disclosure obligations, the Court has considered the papers filed, and has weighed the need of the defendant to review trial-related material with the government's interest in preserving the safety of cooperating witnesses. The Court finds that the following restrictions do not unduly impair the ability of the defendant to prepare for trial and makes a reasonable accommodation for the safety of cooperating witnesses in the face of a significant risk to their safety. The government's motion is GRANTED.

It is hereby ORDERED that counsel for the defendant is prohibited from providing copies of the discovery, Jencks Act, *Brady*, and *Giglio* materials to the defendant and/or from leaving any copies of the discovery in the actual possession of the defendant, including while he is incarcerated at the Federal Detention Center in Philadelphia ("FDC"), while at any other institution of detention, or if released. The defendants who are presently incarcerated at the FDC, shall be permitted to review any disclosed materials in this case outside

of the presence of his counsel on computers monitored by the FDC. The FDC shall be provided with electronic flash drives containing the disclosed materials in this case. The defendant shall be permitted to view the contents of the flash drives on a FDC computer provided that the FDC computer does not have access to a printer, a copier, the internet, email, or any other means of dissemination. The defendant is prohibited from printing, emailing, or otherwise disseminating the material from the flash drives or otherwise sharing or displaying the material with third parties.

Additionally, the FDC, or any other house of incarceration, shall permit and/or limit the defendant to reviewing the materials contained on the flash drives in any manner necessary to comply with established guidelines, procedures, and protocols necessary for the proper maintenance, safety, and order of the FDC, or any other house of incarceration. Additionally, the FDC, or any other house of incarceration, shall at all times maintain custody and control over the flash drives and shall not permit the defendant to retain the materials within his housing area.

Counsel is prohibited from providing a physical copy of the disclosed materials to the defendant or to third parties not retained by counsel to assist with trial preparation or providing their substance in writing. This order does not prohibit counsel from showing these materials to the defendant and discussing these materials at meetings with the defendant or from reading from or discussing these materials in telephone conversations with the defendant.

Counsel may make such use of these materials produced by the government in this case as is necessary to prepare for trial and for use at trial, including displaying the materials to the defendant and other persons assisting counsel in preparing for and conducting the trial.

This order also does not prohibit counsel from showing the materials to, providing copies of these materials to, or discussing the contents of the materials with, any defense experts or defense investigators who are a part of the defendant's defense team and are actively working on the defendant's defense to the charges of the indictment. However, any expert, investigator, or member of the defense team that is provided access to these materials is bound by the prohibitions of this Order in the same manner as defense counsel and is prohibited from any further copying or dissemination of the materials unless granted permission to do so by subsequent Order of this Court.

Any defense counsel or other person to whom disclosure is made pursuant to this paragraph may not allow the defendant to have custody and control over the materials provided by the government. The defendant shall not be allowed to print or email any item produced, or to in any way copy, reproduce, possess, or disseminate any document or recording included in the materials.

BY THE COURT:

Honorable Gerald J. Pappert
*Judge, United States District Court*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Government's Motion for Protective Order concerning Disclosure of Discovery, and proposed Order was served by ECF and email on counsel of record:

Emily McKenna, Esq.
Maureen Coggins, Esq.
Luther Weaver, Esq.
Kathryn Cacciamani, Esq.
Adam Leasure, Esq.
Todd Fiore, Esq.
Alexander Anzalone, Esq.
John DiSantis, Esq.
Maggie Grasso, Esq.

Lauren Stram

LAUREN STRAM
Assistant United States Attorney

Date: October 9, 2026